UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARCO DESTIN, INC., a Florida
corporation,

       Plaintiff,

vs.

GJC INTERNATIONAL OF FLORIDA, INC.,
a Florida corporation, and MATTATIA COHEN,
an individual,

       Defendants.
_____/

## COMPLAINT FOR TRADEMARK INFRINGMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Plaintiff Marco Destin, Inc. ("Marco Destin"), sues Defendants GJC International of Florida, Inc. ("GJC") and Mattatia Cohen, individually ("Cohen"), for trademark infringement and false designation of origin under the Lanham Act, and unfair competition under the laws of Florida, and states further:

### JURISDICTION AND VENUE

1. This is an action for injunctive relief and damages, which arises under the trademark laws of the United States, 15 U.S.C. §§ 1114 and 1125(a); and under the common law of Florida, F.S. § 2.01. This Court has subject matter jurisdiction over the Lanham Act claims contained in Counts I and II of this action, pursuant to 28 U.S.C. §§ 1121 and 1338(a). Supplemental jurisdiction exists as to Count III, pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant GJC pursuant to F.S. 48.193(1)(a)(1) and (2), in that it is a Florida corporation, operating, conducting, and engaging in

a business within this state, and having an office in this state. Defendant GJC has also committed a tortious act within this state, as recited below.

3. This Court has personal jurisdiction over Defendant Cohen pursuant to 48.193(1)(a)(2) by virtue of his commission of a tortious act within this State, as recited below.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), in that the Defendants reside in this judicial district.

## THE PARTIES

5. Marco Destin, Inc. is a Florida corporation with its principal place of business located at 10800 NW 106th Street, Suite #6, Medley, FL 33178. It operates numerous retail stores in various states, including Florida, under the mark "ALVIN'S ISLAND". Alvin's Island stores sell a wide variety of goods, including beachwear, gifts and souvenirs.

6. GJC International of Florida, Inc. is a Florida corporation with its principal place of business located at 6761 W. Sunrise Blvd., Suite #14, Plantation, FL 33313. It is in the business of providing apparel and textile goods in the wholesale market.

7. Mattatia Cohen is the President of and, upon belief, the primary shareholder of Defendant GJC, and resides in Palm Beach County, Florida. He personally directed and participated in the actions of Defendant GJC, described below.

## BACKGROUND

8. Marco Destin is the owner of all rights in U.S. Trademark Registration Number 3,025,430 for the mark "ALVIN'S ISLAND", for retail clothing, gift and souvenir store services. The "ALVIN'S ISLAND" mark is used to identify the source of men's, women's and children's

apparel sold in Alvin's Island Stores and on the Alvin's Island website. Its registration, a copy of which is attached hereto as Exhibit "A", has become incontestable pursuant to 15 U.S.C. § 1065, and is conclusive proof of Marco Destin's exclusive rights in the "ALVIN'S ISLAND" mark.

9. Marco Destin has achieved a reputation as the leader in its field, through its chain of Alvin's Island Stores, located in popular beach destinations in Florida and other states. Alvin's Island sells a wide variety of beach related products and apparel in ways that become part of tourists', and others', enjoyable experience of the store locale. Some Alvin's Island Stores are actually destinations in themselves.

10. Defendant GJC is a knowledgeable wholesaler and was a vendor to Marco Destin for many years. Both GJC and Cohen are, and have been, well aware of Marco Destin's reputation, the quality associated with its stores, and the goodwill associated with its "ALVIN'S ISLAND" mark.

11. In late 2016, Marco Destin issued a Purchase Order to the Defendant GJC for some 120,000 pieces of apparel, comprising a variety of items for men, women and children, such as dresses, tops, pants, t-shirts and shorts.

12. The Purchase Order included a large number of items known as "performance apparel", based on the fabric's enhanced ability to absorb perspiration when worn during exercise or sports activities. Those items are not finished upon manufacture and delivery to Marco Destin, as they require further enhancement by particular Marco Destin employees, before delivery to Alvin's Island Stores. This is to ensure quality control for those garments, prior to sale.

13. All of the goods called for under the Purchase Order had the "ALVIN'S ISLAND" mark placed directly on each item. In addition, each piece contained a separate individual hangtag, also displaying the "ALVIN'S ISLAND" mark, and the Alvin's Island retail price for the particular item, among other information. These hangtags were attached by a conventional thin plastic tagging barb.

14. Marco Destin's Purchase Order required GJC's delivery of the items called for by March 1, 2017, and the Defendants were thoroughly aware of the importance of timely delivery. This included their knowledge that Alvin's Island Stores' apparel needs is directly related to seasonal demand, and that a lack of planned for inventory will adversely impact store sales. Nevertheless, over 80% of the ordered pieces were not delivered by GJC in conformance with the express terms of the Purchase Order.

15. Despite GJC's failure to meet the delivery requirement of the Purchase Order, Marco Destin allowed GJC a three-week extension to fulfill its obligation, giving it until March 21, 2017. When the goods were still not provided within the extended grace period, Marco Destin provided written notification to the Defendants of GJC's breach, and the terms under which it would accept delivery of any part of the Purchase Order which might arrive later. Due to GJC's material and unjustified breach, Marco Destin was required to obtain goods from other sources.

16. Marco Destin's rejection of the "ALVIN'S ISLAND" branded apparel was justified, due to the Defendant GJC's breach of its obligations under the Purchase Order. Following email communications from Marco Destin, pertinent to GJC's breach, the Defendants provided no subsequent communication to Marco Destin relative to GJC's acceptance of Marco Destin's proposed modified terms, as a result of GJC's breach.

17. At no time did Defendants ever advise Plaintiff of their intentions for transfer, distribution or disposal of the rejected items of apparel in GJC's possession.

18. At no time were Defendants ever authorized to sell, offer to sell, or distribute Alvin's Island branded products.

19. Later, and without Marco Destin's knowledge or consent, the Defendants sold some of the rejected branded goods to competitors of Alvin's Island Stores, located in the same market area as one of its larger stores: Panama City Beach, Florida.

20. One of the competitors is a discount retailer located within one mile of Alvin's Island's store in Panama City Beach, Florida. It displayed, offered and sold some of the rejected branded goods described above. The "ALVIN'S ISLAND" mark was contained on the apparel offered for sale. Those items also had separate hangtags containing the "ALVIN'S ISLAND" mark, as shown in the photographs attached hereto as Exhibit "B".

21. The hangtags on the rejected branded merchandise are quickly and easily removable from all of the apparel items, however, keeping them on the items added to their value, and provided a selling advantage to both the Defendants and the competitor. The Defendants intentionally chose to leave the hangtags in place prior to distribution to the competitor referenced above, and the separate competitor referenced in paragraph 26, below.

22. Similarly, the "ALVIN'S ISLAND" mark, placed on the garment itself, can be removed fairly easily with a tool for doing so, or, alternatively, can easily be covered in different ways, so that the mark is obliterated or "cancelled".

23. The Defendants' actions in distributing the apparel, while maintaining the Plaintiff's mark on the garments, and on the hangtags, were intentional, malicious and calculated to harm the Plaintiff.

24. The same competitor also sold, and offered for sale, rejected branded performance apparel as described in paragraph 12, above. Because the ornamentation on this apparel was not specially applied at Marco Destin's distribution facility, those rejected branded goods were altered before sale to the end user. Additionally, a quality defect is present in the apparel itself, including inferior stitching. The performance clothing referred to in this paragraph is depicted in the photographs shown in Exhibit "C", attached.

25. At least one item of apparel purchased from this competitor was the subject of an attempted sales return, by its end purchaser, at the Alvin's Island Store located nearby in Panama City Beach, Florida. The item contained the "ALVIN'S ISLAND" mark in the garment itself, as well as on the hangtag.

26. The Defendants also sold some of the rejected branded goods to a separate cut-rate retailer located in Panama City, Florida, and Panama City Beach, Florida. This store was established by a former Alvin's Island Store employee to compete directly against his former employer – a fact known to the Defendants. The items displayed, sold and offered for sale by that discounter also contained the "ALVIN'S ISLAND" mark on the apparel items, themselves, as well as on separate hangtags. This is shown in the photographs attached as Exhibit "D".

27. The allegations contained in paragraphs 21-23, above, also pertain to the rejected branded goods delivered by the Defendants to this second competitor.

28. Both of the discount outlets referred to set a maximum price for any item in their stores at $9.99, a price substantially below the price marked on the "Alvin's Island" hangtags for rejected branded items offered by these discounters, following their receipt from Defendants (see, e.g., Exhibit "B", attached).

29.     Both of those discounters were aware of the reputation of Alvin's Island Stores in their market area, and of the quality of apparel items sold in Alvin's Island Stores. Their display of "ALVIN'S ISLAND" hangtags showing a price for sale in Alvin's Island Stores next to their cut-rate price serves to diminish the reputation of the "ALVIN'S ISLAND" mark to potential customers.

30.     Marco Destin operates approximately 20 Alvin's Island Stores in the Florida panhandle. Because of the importance of the Gulf Coast beaches to Florida tourism, and to the target customers for goods sold in Alvin's Island Stores, this area of Florida can be fairly described as the primary market of Alvin's Island Stores.

31.     The Defendants' sale of rejected branded items from the Purchase Order to those particular discounters occurred in bad faith, and constituted an unreasonable means of disposing of the goods in GJC's possession as a result of its own breach of the terms of the Purchase Order. The Defendants' refusal to communicate with Plaintiff regarding their further distribution intentions for the goods was purposeful, and denied Plaintiff any voice in preventing damage, or knowledge of the harm Defendants intended to inflict. The circumstances of the Defendants' sale to the retail discounters in its own market was malicious in nature, and intentionally designed to damage Marco Destin.

32.     Providing the rejected branded goods to those clearance stores not only provides an unfair selling advantage to competitors a short distance from Alvin's Island Store, but serves to diminish the reputation of "ALVIN'S ISLAND" branded apparel. Marco Destin requires further discovery to understand the full scope of the Defendants' damaging activities.

33.     Marco Destin also learned that Defendant Cohen, attended the MAGIC trade show in Las Vegas, Nevada, which was held during Mid-August, 2017. That show is one of the

largest apparel trade events in the world, and is held annually among multiple large convention venues in Las Vegas.

34.     Upon information, Mr. Cohen obtained a show badge identifying him as a representative of Alvin's Island Stores and, upon further information, Mr. Cohen represented himself to one or more persons as President of Alvin's Island Stores, while attending the show. Mr. Cohen had no authorization to do so.

35.     Because of Alvin's Island's reputation in the industry, false personation by Cohen at the MAGIC show, as a representative or officer of Alvin's Island, may have been undertaken as a means for further distribution of the rejected branded apparel items. Additionally, Cohen may have been able to acquire overrun stock from large national companies which Marco Destin does business with through its licensing of such brands for sale in Alvin's Island stores. Such activities would cause further damage to Marco Destin.

36.     Given the actions of the Defendants described above and, upon belief, the representations made by Mr. Cohen at the MAGIC show, discovery is needed by Marco Destin to determine more fully the activities of Mr. Cohen at the MAGIC trade show as related to actual and potential damage caused to Marco Destin.

37.     Before undertaking this action, Marco Destin communicated with Defendants, requesting that they identify all parties to whom GJC had sold the rejected branded goods called for under the Purchase Order. The Defendants have refused to provide such information to the Plaintiff, thereby intentionally continuing the ongoing damage from their actions.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

38.     This Count alleges Federal Trademark Infringement, pursuant to 15 U.S.C. § 1114. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 37, above.

39.     Defendants have directly and/or contributorily infringed Marco Destin's registered mark, and misappropriated and traded upon Marco Destin's goodwill and business reputation by causing a likelihood of confusion among relevant purchasers that the unauthorized distribution, sale, or offering for sale of the rejected branded goods are associated with, or otherwise sponsored or approved by the Plaintiff.

40.     The Defendants' sale, distribution, and offer for sale of products bearing the "ALVIN'S ISLAND" mark constitutes infringement, and is causing, and will continue to cause, a likelihood of confusion, mistake or deception, and actual confusion among end purchasers of such products, as to the source of those products. Such sale, distribution, and offer for sale are diminishing, and/or will continue to diminish, the distinctiveness of the Plaintiff's registered mark, and harm its valuable goodwill and reputation.

41.     The acts of the Defendants are knowing, intentional and willful.

42.     Defendants' unlawful acts, unless restrained, are likely to continue to cause actual confusion, mistake or deception to the purchasers of genuine Alvin's Island goods, in Alvin's Island Stores.

43.     Marco Destin has been damaged from the confusion, mistake and deception resulting from the acts of Defendants, and believes that it will continue to suffer such damages

unless and until Defendants are enjoined and restrained by this Court from engaging in the acts complained of herein.

44. Marco Destin has no adequate remedy at law because injury to its reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

## COUNT II
## FALSE DESIGNATION OF ORIGIN

45. This Count alleges false designation of origin under 15 U.S.C. § 1125(a). Marco Destin repeats and realleges the allegations contained in paragraphs 1-37 above.

46. Defendants, through their distribution and sale of the rejected branded goods in commerce, are directly or contributorily representing to potential purchasers of the rejected branded goods that such goods are affiliated, associated with, or sponsored by, the Plaintiff.

47. Defendants' use of the Plaintiff's mark "ALVIN'S ISLAND" on and in connection with the sale, offering for sale, or distribution of rejected branded goods from the Purchase Order constitutes Unfair Competition under 15 U.S.C. § 1125(a) because such acts constitute a false designation of origin and cause a likelihood of confusion, deception and mistake by the consuming public and the trade.

48. Defendants' use of the "ALVIN'S ISLAND" mark in connection with its distribution and sale of the rejected branded products, creates a likelihood that a false and unfair association will be made between Plaintiff's goods and unauthorized outlets for their sale, so that the purchasing public is likely to believe that the Plaintiff's products are of inferior quality, or that cut rate outlets are associated with, affiliated with, or otherwise sponsored by Plaintiff.

49. The acts of the Defendants are knowing, intentional and willful.

50. Defendants' unlawful acts, unless restrained, are likely to continue to cause actual confusion, mistake or deception to the purchasers of genuine Alvin's Island goods, in Alvin's Island Stores.

51. Marco Destin has been damaged from the confusion, mistake and deception resulting from the acts of Defendants, and believes that it will continue to suffer such damages unless and until Defendants are enjoined and restrained by this Court from engaging in the acts complained of herein.

52. Marco Destin has no adequate remedy at law because injury to its reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

## COUNT III
## UNFAIR COMPETITION UNDER FLORIDA LAW

53. This Count alleges common law unfair competition, pursuant to the laws of Florida, F.S. 2.01. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 37, above.

54. Defendants' activities, complained of herein, in conjunction with direct competitors of the Plaintiff, constitute unfair methods of competition.

55. Defendants' use of the "ALVIN'S ISLAND" mark in connection with its distribution and sale of the rejected branded products, creates a likelihood that a false and unfair association will be made between Plaintiff's goods and unauthorized outlets for their sale, so that the purchasing public is likely to believe that the Plaintiff's products are of inferior quality, or that such cut rate outlets are associated with, affiliated with, or otherwise sponsored by Plaintiff.

56. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered, and will continue to suffer, loss of income, profits and goodwill, and Defendants will continue to unfairly acquire income and profits.

57. Without relief from the Court, the Defendants' actions are likely to continue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marco Destin prays for relief as follows:

A. That the Court enter Judgment against the Defendants for Trademark Infringement in violation of 15 U.S.C. § 1114.

B. That the Court enter Judgment against the Defendants for False Designation of Origin pursuant to 15 U.S.C. § 1125(a).

C. That the Court enter Judgment against the Defendants for Unfair Competition in violation of the laws of Florida, F.S. 2.01.

D. That Defendants and each of their agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, be permanently enjoined and restrained from using in any manner, or any colorable imitation thereof, "ALVIN'S ISLAND" as a mark, or any word or words, alone or in combination with each other, which so resemble Marco Destin's registered mark as to be likely to cause confusion, deception or mistake, on, or in connection with, the offering for sale, or sale of any product which is not otherwise authorized by or for Marco Destin.

E. That Defendants be required, in accordance with 15 U.S.C. §1117, to account for and pay to Marco Destin, the following:

12

1. All gains, profits, benefits and advantages derived by Defendants and all damages suffered by Marco Destin from the above-described acts of infringement and false designation of origin and that such amounts be determined by the Court;

2. That such award be trebled.

3. All such other damages as the Court shall deem to be just; and,

4. All costs and attorneys fees incurred in this action.

F. That Marco Destin have such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Marco Destin, Inc. demands a jury trial for all issues so triable.

Respectfully submitted,
McHALE & SLAVIN, P.A.

Edward F. McHale (FBN: 190300)
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone: (561) 625-6575
Facsimile: (561) 625-6572
E-mail: litigation@mchaleslavin.com
*Attorney for Plaintiff*